**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

PAUL LYN, et al.

                      Plaintiffs,

        - against -

INCORPORATED VILLAGE OF
HEMPSTEAD, et al.,

                    Defendants.

                **ORDER**

                CV 03-5041 (DRH) (JO)

-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

At the May 11, 2005 status conference, I issued the following ruling:

"In light of Ms. Thompson's failure to advise opposing counsel or the court in advance of her intention not to appear at today's proceeding and her inability to participate meaningfully therein as a result of an order issued in New York State Supreme Court, she must submit by Friday, May 13, 2005, a letter explaining why she should not be required to pay plaintiff's expenses, including reasonable attorney's fees, related to today's conference. By the same date, plaintiff shall submit an affidavit setting forth those expenses, with reasonable documentation thereof."

Docket Entry ("DE") 42. On May 13, 2005, Janese N. Thompson, Esq. ("Thompson") filed a letter explaining that her failure to attend the conference was caused by her sustaining an injury while out of town on a personal emergency. DE 43. Plaintiffs have submitted an affidavit claiming that they incurred $1,187.50 in attorneys fees. DE 44.

On April 27, 2005, I received a letter from Thompson requesting that I cancel the status conference scheduled for April 28, 2005. DE 39. In her letter, Thompson informed me that her firm was no longer retained as corporate counsel for the Incorporated Village of Hempstead ("Hempstead") and had not determined if she would continue to represent the defendants in this

matter; consequently, she requested that I adjourn the status conference to permit her firm to resolve this issue. Due to the plaintiffs' unwillingness to consent to this adjournment, I held a telephone conference on April 27, 2005, at which I granted the request to adjourn the conference. Thompson did not request permission to withdraw as counsel or to be excused from the next scheduled status conference and I did not order such relief. To the contrary, I directed the parties to submit letters by May 3, 2005, raising any issues to be discussed at the next conference and to submit any response to opposing counsel's letter by May 6, 2005. DE 40. Thompson did not object to either of these deadlines, did not submit a letter on May 3, 2005 (thereby indicating there were no issues she wished to raise on the defendants' behalf at the conference), and did not respond to plaintiff's letter by May 6, 2005 (thereby indicating that the defendants took no issue with the matters raised in plaintiff's letter).

In her May 13, 2005 letter, Thompson states that on May 4, 2005 a New York State Supreme Court judge ordered her firm to turn over all Hempstead files to the firm of Garry & Garry, P.C. by May 6, 2005 upon payment of certain fees and enjoined her firm from taken any action on behalf of Hempstead. DE 43. Her firm appears to have turned over thirty-eight active files to new counsel. DE 43, Affidavit of Janese Thompson, Ex. C.[1] Despite receiving the order on May 4, 2005, Thompson made no effort to inform either her adversary or

---

[1] The cited exhibit is attached to the hard copy of Thompson's letter sent to chambers but was not included in the version electronically filed via the court's ECF system. Likewise, the affidavit from attorney Pollard, DE 44, refers to documentary exhibits that were attached to the copy faxed to chambers but not submitted as part of the electronic filing. Despite instructions conveyed by my law clerk to comply with Administrative Order 2004-08, which requires all filings must be submitted electronically, neither attorney has done so. I now order each counsel to file the full versions of their submissions electronically via ECF.

the court of this ruling or of the likelihood that it would require an adjournment of the previously scheduled status conference.

Thompson also states that her firm delivered consent to substitution of attorney forms to the firm of Garry & Garry, P.C. for all Hempstead cases on April 8, 2005. Despite having delivered consent to substitution forms on April 8, 2005, Thompson failed to mention the possibility that her firm would be substituted prior to April 27, 2005.

Thompson claims that the reason for her failure to attend the conference was that she suffered an injury while she was in Florida on a personal emergency, which delayed her anticipated return to New York. Thompson states that she instructed her secretary to seek adjournments for all matters scheduled for Tuesday, Wednesday, and Thursday of that week, which dates included the conference scheduled for May 11, 2005. Despite Thompson's familiarity with my local rules and her instructions to her secretary, a request for an adjournment of the status conference was never filed. Thompson does not explain this failure.

Thompson's letter details a conversation that she asserts her secretary had with my law clerk. The letter appears to imply that the secretary contacted my chambers and that only one conversation took place. That is not the case. On May 10, 2005, the morning prior to the status conference, it came to my attention that defendants had not filed a stipulation substituting counsel, that Thompson's firm had not requested leave to withdraw as counsel, and that defendants had not filed a letter or response as directed in my April 27, 2005 minute entry. At my direction, my law clerk attempted to contact Thompson. Upon calling her office, the law clerk was informed that Thompson was unavailable. He then asked if any other attorneys in the office were working on this matter. Thompson's secretary stated Thompson was no longer

representing Hempstead and had been enjoined from taking any further action on behalf of Hempstead. The telephone call ended and the law clerk informed me of its results. I asked him to contact Thompson and instruct her that she remained the attorney of record for the defendants, had neither requested nor been granted leave to withdraw as counsel, and was to either appear at the conference or to request an adjournment. He relayed this information to Thompson's secretary, who then informed my clerk that Thompson was currently in Florida, but would contact him by telephone that day. Thompson did not contact chambers until shortly before the May 11, 2005 conference was scheduled to begin.

Based on her behavior, it appears that Thompson believed that the state court's May 4, 2005 order extinguished her responsibilities to this court and to her client. This is incorrect. Pursuant to Local Rule 1.4, "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order." The state court's May 4, 2005 order did not release Thompson from her duty to comply with this rule. Until the court permits her to withdraw or be displaced as named counsel, Thompson has a duty to takes steps to avoid wasting opposing counsel's time and the court's.

While I sympathize with Thompson's need for medical attention, her letter fails to sufficiently explain why I should not order her to pay the plaintiffs' reasonable expenses associated with attending the conference on May 11, 2005. As of May 4, 2005, Thompson should have been aware that the state court's order would prevent her from meaningfully participating in the scheduled status conference. She should also have realized that new counsel would not be sufficiently prepared to go forward by May 11, 2005. At the very least, Thompson

had a duty to make both opposing counsel and myself aware of this situation. Had she taken these steps, this waste of her adversary's time and court resources could have been avoided. Her letter fails to explain why these steps were not taken.

Hempstead's failure to participate meaningfully in the status conference was solely due to Thompson. Given the current state of the relationship between Thompson and Hempstead, it would be inappropriate to require Hempstead to pay the plaintiffs' costs. Therefore, I am ordering Thompson personally to pay the plaintiffs' reasonable expenses in needlessly attending the status conference of May 11, 2005.

Plaintiffs' counsel Diane Pollard, Esq. ("Pollard") asserts in her affidavit that she was required to waste four hours and forty-five minutes attending the conference. She claims a billable rate is two hundred and fifty dollars per hour, resulting in a total claim of $1,187.50. DE 44. I find neither the rate nor the amount of time claimed to be reasonable. Pollard herself was responsible for needlessly wasting time once the conference began, as she has been throughout the court appearances in this case. I will allow her a reasonable fee of $200 per hour for her travel time, and will not require Thompson to pay any fee for the time actually wasted in court. I will therefore order Thomson to pay Pollard for three-and-one-half hours of her time, at a rate of two hundred dollars an hour, for a total of $700.00 in reasonable attorneys' fees.

For the above stated reasons, I ORDER attorney Janese Thompson personally to reimburse the plaintiffs $700.00 in attorneys' fees, and to file the exhibits to her affidavit electronically via the court's ECF system. Thompson must make payment within three business days of Pollard's electronic filing of the complete version of her affidavit, including exhibits, via

the court's ECF system; if Pollard fails to do so before May 25, 2005, she will forfeit her clients' right to recover such expenses.

     **SO ORDERED.**

Dated: Central Islip, New York
       May 18, 2005

                                  /s/ James Orenstein
                                  JAMES ORENSTEIN
                                  U.S. Magistrate Judge